CONRAD and others vs. SCHWAMB and another.

*October 22 — November 3, 1881.*

EQUITY: MARRIED WOMAN: HOMESTEAD. *(1-3) Deed by husband and wife intended to convey homestead: misdescription: when, how and against whom equitable relief granted. (4) Grounds of defense against specific performance.*

PLEADING. *(5) Averment held to be of a conclusion of law.*

1. A deed executed by husband and wife, which, though otherwise complete, fails, through a misdescription, to convey the land intended, being the grantor's *homestead*, must be treated as an executory contract *by the husband* to convey, which equity will enforce after the homestead right ceases, against the husband (or against his heirs after his death intestate), though not against his widow.

[2. Under the decision in *Petesch v. Hambach*, 48 Wis., 443, an action would not lie to *reform* the deed as against the wife, even after the land ceased to be the homestead.]

[3. The grantee having gone into possession under the defective deed, and the grantor's widow having been a non-resident of this state when he died, the question whether she is entitled to dower in the land is not here determined. R. S., sec. 2160.]

4. Where the value of the land is $1,300 and the contract price $900, that is not such an inadequacy of consideration as will defeat an action for specific performance; nor will it be defeated by the fact that the vendee has paid no part of the principal, where he was not bound to do so until a certain incumbrance should be removed, which has never been removed.

5. Where it is admitted that a mortgage was delivered to a person who claimed to be an agent of the party named as mortgagee, and that such agent caused it to be recorded, a mere general averment that it was never delivered to such mortgagee, *held* to be a mere conclusion of law.

APPEAL from the Circuit Court for *Washington* County.

The plaintiffs, the widow and children of John Felten, deceased, brought this action to recover the S. W. ¼ of the N. W. ¼ of section 14, town 9, range 19, in the county of Washington. It appears from the complaint, answer, and reply to an equitable counterclaim contained in the answer, that the premises claimed were, on the 10th of July, 1863, the

homestead of John Felten and his wife, who on that day executed to the defendant *Schwamb* a quitclaim deed, intending thereby to convey the same to him in fee; but by mistake the land was described therein as the N. W. ¼ of the S. E. ¼ of section 14, instead of the S. W. ¼ of the N. W. ¼; the latter being all of the land Felten owned in that section. *Schwamb* went into possession of the land claimed under such deed, and has held possession thereof by himself or tenants ever since. The defendant *Lange* is now in possession as tenant for years under *Schwamb*. The agreed consideration for the conveyance was $900, and the contract for the payment thereof is contained in the following instrument in writing, executed by *Schwamb* and wife to Felten:

"$900.                                    RICHFIELD, July 10, 1863.

"For value received, we or either of us, jointly or severally, promise to pay to John Felten or order the sum of $900, current money, as soon as the said John Felten, or his legal representatives, shall have released his land (which is now sold to *Ernst Schwamb, Jr.*) from all incumbrances resting or being on said land, without interest till the tenth day of July, A. D. 1865, and after said date with interest at the rate of seven per cent. per annum; but in case the said land shall not be released on the said tenth day of July, 1865, then shall the said John Felten only have the right to charge in the years 1866 and 1867, every year, the sum of thirty dollars ($30), and after this said payment not a single cent more till the said land is released."

No payment either of principal or interest has been made by *Schwamb* on account of such purchase. Whether or not the two payments of $30 each have been made, does not appear. In 1856, Felten and wife executed a mortgage on the land claimed to the La Crosse & Milwaukee Railroad Company, for $1,000, and eight per cent. interest thereon, payable annually, the principal to become due in ten years, and delivered the same to a person who claimed to be the agent of the

company, who caused it to be recorded in the office of the proper register of deeds. The above contract was made with *Schwamb* on the supposition that the mortgage was an incumbrance on the land, because of its transfer to some *bona fide* holder thereof, whereas in fact, the reply alleges, it had never been delivered to the railroad company or transferred by it. So far as appears, it still remains of record, and is an apparent if not an actual incumbrance on the land claimed. Immediately after the execution of such conveyance to *Schwamb*, Felten removed to the state of Minnesota with his wife and children, and they resided in that state until his death. He died intestate in 1871, leaving surviving him his widow and children, who are the plaintiffs in this action. His widow and all of his children but one have continued to reside in Minnesota until the present time. When the deed to *Schwamb* was executed, the land claimed was, and still is, worth $1,300, and its rental value over and above taxes, from 1863 to the present time, has been and is $100 per annum. In their counterclaim the defendants pray that the deed of July 10, 1863, be reformed; that the plaintiffs be barred of any interest in such land; and for general relief. For reasons deduced from the above averments, the plaintiffs, admitting the error in the deed, maintain that it would be inequitable to decree reformation thereof. On the pleadings (no proofs having been taken), the circuit court rendered judgment that plaintiffs take nothing by their action; that the deed be reformed as prayed by defendants; and that the latter recover their costs. The plaintiffs appealed from the judgment.

The cause was submitted for the appellants on the brief of *Frisby, Weil & Barney:*

The counterclaim is subject to the same rules of law as though it were an original action brought by defendant to reform the deed. *Bertschy v. McLeod,* 32 Wis., 211; *McLeod v. Bertschy,* 33 id., 176. An action to reform a deed is in the nature of an action for a specific performance of the original

contract to deed. *Martin v. Dwelly*, 6 Wend., 9; *Hait v. Houle*, 19 Wis., 472; *Dickinson v. Glenney*, 27 Conn., 104; *Sherwood v. Sherwood*, 45 Wis., 357; *Petesch v. Hambach*, 48 id., 443; *Hanson v. Michelson*, 19 id., 498. Specific performance of the contract to convey should not be adjudged in this case, because, 1. It would be inequitable. The power of decreeing specific performance is exercised only to relieve from injustice in cases where compensation in damages would fall short of the redress to which a party is entitled. The defendant has paid no part of the purchase money, and has made no permanent improvements on the premises, and no injustice can result to him from a refusal to enforce specific performance. 2 Story's Eq. Jur., §§ 716, 742, 750, 769; Willard's Eq. Jur., 261, 268; *Hickman v. Grimes*, 10 Am. Dec., 714; *Smith v. Wood*, 12 Wis., 382; *Seymour v. Delancey*, 6 Johns. Ch., 222; *Burling v. King*, 46 How. Pr., 452; *Hay v. Lewis*, 39 Wis., 364; *Williams v. Williams*, 50 id., 311. This contract is not " fair and just and reasonable, and equal in all its parts." There is no adequate consideration, and it imposed upon John Felten a hard bargain. It requires " much less strength of case " to resist specific performance, than it does to enforce it. 2 Story's Eq. Jur., § 769; Willard's Eq. Jur., 266; *Osgood v. Franklin*, 2 Johns. Ch., 23; *Seymour v. Delancey*, 6 id., 222. If there ever was a time when defendant was entitled to relief in a court of equity, that time has long since passed. The circumstances under which the contract was made have so far changed, that it would be unconscientious to enforce it. Willard's Eq. Jur., 279, 280; 2 Story's Eq. Jur., §§ 750, 771. 2. The contract was made under a mistake of facts materially bearing upon the transaction. The supposed validity of the farm mortgage controlled in shaping its terms and conditions, and those conditions are strongly in favor of defendant and against Felten. A contract influenced by so radical a mistake, and containing such radical inequities, will not be enforced in a court of equity. Kerr on Fraud & Mistake, 411, 412;

*Hurd v. Hall*, 12 Wis., 112; 1 Story's Eq. Jur., §§ 134, 140–143, 161; 2 id., § 750a; *Champlin v. Laytin*, 6 Paige, 189; *S. C.*, 18 Wend., 407.   3. The contract pertained to a homestead, and was void.   See *Petesch v. Humbach*, 48 Wis., 443. The counterclaim being for a specific performance of the husband's contract to deed his own estate, the wife stands where she did at common law, and subject to the same disabilities. *Heath v. Van Cott*, 9 Wis., 516; *Martin v. Dwelly*, 6 Wend., 9, 13; *Erwin v. Downs*, 15 N. Y., 575; *Yale v. Dederer*, 18 id., 265; Kerr on F. & M., 149, 150; Tyler on Inf. & Cov., 315; *Rogers v. Weil*, 12 Wis., 664; *Conway v. Smith*, 13 id., 125; *Todd v. Lee*, 15 id., 365.   So far as the wife was a party to the contract, it was void as against her, because not pertaining to her sole and separate estate.   Tyler on Inf. & Cov., 314; *Carr v. Williams*, 10 Ohio, 305; *Purcell v. Goshorn*, 17 id., 105; *Davenport v. Sovil*, 6 Ohio St., 459; *Miller v. Hine*, 13 id., 565; *Dickinson v. Glenney*, 27 Conn., 104; *Martin v. Hargardine*, 46 Ill., 322; *Shroyer v. Nickell*, 55 Mo., 264; *Knowles v. McCamley*, 10 Paige, 342; *Grapengether v. Fejervary*, 9 Iowa, 163; 7 Cent. L. J., 182; 2 Kent's Comm., 168; 2 Story's Eq. Jur., § 1391.

For the respondents there was a brief by *Jenkins, Elliott & Winkler*, and oral argument by *Mr. Winkler*.   They argued, among other things, that even under the decision in *Petesch v. Hambach*, 48 Wis., 443, if an agreement by husband and wife to sell and convey the homestead be followed by a surrender of possession and a removal to a new home, so that the "right of homestead" is abandoned, and the husband can convey alone, the agreement will be enforced against *him*.   No married woman's immunity or incapacity stands in the way, in such a case.   It is to protect her rights in the homestead — not an estate, but the security of a home,— that the law is enacted. *Riehl v. Bingenheimer*, 28 Wis., 84; *Barker v. Dayton*, id., 367; *Goodell v. Blumer*, 41 id., 436; *Godfrey v. Thornton*, 46 id., 677.   Where this right or the claim of it does not exist,

the question of homestead is removed from the controversy. *Stewart v. Mackey,* 16 Tex.; 56; *Jordan v. Godman,* 19 id., 273; *Allison v. Shilling,* 27 id., 450; *Gee v. Moore,* 14 Cal., 472; *McQuade v. Whaley,* 31 id., 526; *Bowman v. Norton,* 16 id., 213; *Himmelmann v. Schmidt,* 23 id., 117; *Howe v. Adams,* 28 Vt., 541; *Davis v. Andrews,* 30 id., 678; *Horn v. Tufts,* 39 N. H., 478; *Hewitt v. Templeton,* 48 Ill., 367; *Vasey v. Trustees,* 59 id., 188; *Black v. Curran,* 14 Wall., 463.

LYON, J.   The deed of 1863, executed by John Felten and wife to the defendant *Schwamb,* although it did not convey the land intended, must be treated in equity as an executory contract by John Felten to convey such land.   *Eaton v. Eaton,* 15 Wis., 259; *Hanson v. Michelson,* 19 Wis., 498; *Petesch v. Hambach,* 48 Wis., 443.   While the land intended to be conveyed· remained the homestead of Felten and wife, the defendant could not have enforced specific performance of such executory contract, because, on the authority of the case last cited, the wife could not be compelled to sign the conveyance, and without her signature. it would be void.   But it was undoubtedly a valid contract, for the breach of which Felten would probably have been liable to respond in damages to *Schwamb,* which, if not recoverable in an action at law, might perhaps be awarded by way of compensation by a court of equity.   At any rate, no good reason is perceived why *Schwamb* might not have maintained an action for the specific performance of such contract against John Felten, whenever it was in the power of Felten to convey the land bargained for.

If A. covenants to convey land to B. to which he has no title, and afterwards acquires title thereto, B., if otherwise entitled to do so, may maintain an action for specific performance.   If A. does not acquire title, and hence cannot perform his covenant, B. may, in some form of. action, recover his damages of A. for his breach of the covenant.   This seems to

be such a case. Immediately after the execution of the defective deed, the land claimed ceased to be the homestead of Felten and wife by reason of their removal to, and continued residence in, Minnesota. Hence, at any time thereafter, *Schwamb* might have maintained an action against Felten, not to reform the defective deed (for, on the authority of *Petesch v. Hambach, supra*, if that case is to be followed, that instrument could not be reformed as against the wife), but to compel Felten specifically to perform his executory contract to convey the land claimed, so far as he could perform it. Of course he could not have conveyed his wife's inchoate right of dower; but that would have been no impediment to specific performance by Felten if *Schwamb* was willing to take such a conveyance as he could give. *Wright v. Young*, 6 Wis., 127, and cases cited.

The learned counsel for the plaintiff, for the purpose of defeating a specific performance in this case, invoke the rule that a contract, to be enforced, must be fair, just and certain, and founded on adequate consideration. *Smith v. Wood*, 12 Wis., 382; *Williams v. Williams*, 50 Wis., 311. It seems to us that this contract fulfils those requirements. Surely there is nothing unfair or unjust in a stipulation that the purchaser shall not be required to pay for the land until the grantor procures the release of an incumbrance which nearly or quite equals the value of the land. The reply puts the value of the land at $1,300; the contract price therefor was $900. This is not such an inadequacy of consideration as will defeat the right to specific performance of the contract. True, neither Felten nor his heirs have received any part of this consideration; but they are responsible for that result, because they have neglected to procure a release of the incumbrance. We speak of the mortgage to the railroad company as an incumbrance, and we think, under the averments in the pleadings, it must be regarded as such. It is alleged in the reply that the mortgage was delivered to a person who claimed

to be the agent of the railroad company, who caused it to be recorded. No claim is made that it was intended as a limited delivery, or that the company repudiated the acceptance of full delivery by such person, or that such person was not in fact the agent of the company authorized to accept such delivery in its behalf. The allegation that the mortgage was never delivered to the company, is a conclusion of law not sustained by any fact stated in the reply.

The circuit court rendered an unconditional judgment, reforming the defective conveyance of 1863. This was erroneous. As already observed, the deed could not be reformed as against *Mrs. Felten*, the widow of John. The judgment should have been that the heirs of John Felten convey to *Schwamb* all the title and interest in the land claimed, which they inherited from their ancestor; or the court, by its judgment, should have passed such title and interest directly to *Schwamb* without such conveyance. R. S., 885, sec. 3501. But it is claimed by the learned counsel for the defendant, that *Mrs. Felten* has no right of dower in the land, because, at the date of her husband's death, she was residing out of this state, and hence that she cannot be injured by the informality in the judgment. They cite *Bennett v. Harms*, 51 Wis., 251, as authority for their position. A reference to that case, and to the statutes cited and construed in the opinion of Mr. Justice CASSODAY, will show that if John Felten "died seized" of the land, she has a right of dower in it, notwithstanding her non-residence; otherwise not. R. S. 1858, ch. 89, sec. 1; R. S., 626, sec. 2160. There may be some difficulty in determining whether John Felten "died seized" of the land within the meaning of the statute — the legal title being in him, and the possession and equitable right being in *Schwamb*. The question was not argued, and we prefer to leave it undetermined in this case by directing judgment as above indicated, binding the heirs of Felten only.

We think it equitable to direct another modification of the

judgment. *Schwamb* must be required to execute to the heirs of Felten a mortgage on the land claimed, conditioned for the payment of the $900 whenever they, or any of them, shall procure a release of incumbrances as stipulated in the contract.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to that court to give judgment in accordance with this opinion.