MOLLE, Respondent, vs. KEWASKUM MUTUAL FIRE INSUR-
ANCE COMPANY, Appellant.

*January 9—January 28, 1908.*

*Insurance: Breach of policy: Chattel mortgages: Validity: Nonexempt
property: Necessity of selection: Appeal and error: Review:
Questions not presented at trial.*

1. In an action on a policy of fire insurance one defense was that
the property insured was or became incumbered by a chattel
mortgage. It appeared, among other things, that eight days
before the date of the policy the insured and his wife executed
a chattel mortgage on the property thereafter insured, accord-
ing to a schedule specifying it by items. The trial court held
that, as the chattel mortgage covered exempt property and was
not witnessed as required by statute, it was void both as to the
exempt and nonexempt property therein mortgaged, and di-
rected a verdict for plaintiff. *Held* error, since it was apparent
that the insured intended to convey every article named in the
schedule attached to the mortgage, a large part of which was
nonexempt and capable of being mortgaged by him without his
wife's signature and witnesses thereto. *Fowler v. Hunt*, 48
Wis. 345, distinguished.
2. A chattel mortgage may be good to transfer the title to a por-
tion of the property contained in it, although void as to other
portions it assumes to transfer.
3. Where a court has erroneously directed a verdict for plaintiff,
and the question whether a verdict should have been directed
for the defendant was not presented on the trial and is ob-
scured by some uncertainty in the record, on reversal the cause
is remanded for a new trial.

APPEAL from a judgment of the circuit court for Door
county: S. D. HASTINGS, Circuit Judge. *Reversed.*

Plaintiff, a married man, his wife residing with him, car-
ried on a small jewelry, bicycle, and gun store at Sturgeon
Bay, Wisconsin, and also a repair shop for such articles con-
taining the tools of his trade. On July 13, 1905, he took out
a policy of insurance for $250 on the personal property in
said building, described as a stock of bicycles, tools for the

same, work bench, and all hand tools pertaining to bicycles and gun repairs, and included additional insurance, by an amendment, on typewriter and typewriter repairs. It was a standard Wisconsin policy and contained a clause providing that the entire policy should be void if the property be or become incumbered by a chattel mortgage. After fire and proofs of loss it appeared that on July 5th, eight days before the date of the policy, plaintiff and his wife executed a chattel mortgage, without witnesses, on his stock in trade and fixtures according to a schedule specifying them by items, which mortgage covered all of said stock and fixtures, including the jewelry. This was set up as a defense. The court held that, as said chattel mortgage covered exempt property and was not witnessed, it was void as to the exempt property, and also void as to the nonexempt property because the latter was not ascertained at the time of its execution and delivery, and therefore the mortgage failed to convey any specific property. He accordingly directed a verdict and rendered judgment for the plaintiff for the amount of the insurance, from which judgment the defendant appeals.

*Humphrey Pierce,* for the appellant.

For the respondent there was a brief by *Richmond, Jackman & Swansen,* and oral argument by *S. T. Swansen.*

DODGE, J. The decision of this case by the circuit court is sought to be supported by citation of *Fowler v. Hunt,* 48 Wis. 345, 4 N. W. 481, where was presented a chattel mortgage describing the "entire stock in trade and fixtures of the said . . . consisting of clocks, watches, chains, show cases, jewelry, and all goods included in his stock, tools and material, excepting one safe, one regulator, one astronomical clock, two musical clocks, *and stock in trade to the amount of $200.*" It was ruled that this description was tantamount merely to a conveyance of all the generally described prop-

erty other than the excepted articles, and, as the $200 worth of stock in trade was uncertain and might cover any specific article of the mortgage or stock, it could not be ascertained that any such article was intended to be conveyed. We think the present mortgage is clearly distinguishable. In *Fowler v. Hunt* it was the failure of the mortgage to evidence an intent to convey any of the several items making up the stock in trade that rendered the mortgage ineffectual. Here there is no possible doubt of the intent of the mortgagor to convey every article named in the schedule attached to his mortgage, a large part of which must have been nonexempt and therefore capable of mortgage by him without his wife's signature and witnesses thereto. It presents the converse of the situation in the *Fowler Case,* whereby indefiniteness applies only to the articles as to which the mortgage is voided by statute, sec. 2313, Stats. (1898), and which may, therefore, upon being selected be held in antagonism to it. In other words, the burden of proof as to what is conveyed is lifted by the mortgage, while it was not in the *Fowler Case,* and the burden of proof is cast upon the mortgagor or his wife to establish the identity of the articles as to which it is void. It is entirely analogous to the conveyance of a tract of land larger than but including the homestead, which has always been held valid and effectual as to all of the land outside of the homestead. *Hait v. Houle,* 19 Wis. 472; *Hanson v. Edgar,* 34 Wis. 653; *Conrad v. Schwamb,* 53 Wis. 372, 10 N. W. 395; *Ferguson v. Mason,* 60 Wis. 377, 19 N. W. 420; *Town v. Gensch,* 101 Wis. 445, 76 N. W. 1096, 77 N. W. 893; *Jerdee v. Furbush,* 115 Wis. 277, 91 N. W. 661. The inapplicability of the logic which declares void such a mortgage as that presented in the *Fowler Case,* to a situation like this, where the intent of the parties is clear but is rendered abortive by some provision of law declaring the mortgage void, is pointed out in *Newell v. Warner,* 44 Barb. 258, 264, upon which the *Fowler Case* in large

Molle v. Kewaskum Mut. F. Ins. Co. 134 Wis. 404.

measure rests. It is there said that the "chattel mortgage may be good to transfer the title to a portion of the property contained in it, although void as to other portions it assumes to transfer." In *Watson v. Mead,* 98 Mich. 331, 57 N. W. 181, the same rule is asserted under a statute similar to ours. We think that view is confirmed by *Cunningham v. Brictson,* 101 Wis. 378, 77 N. W. 740, though not very directly. There a mortgage covering a large stock of goods, of which $200 worth might have been claimed as exempt, was held valid. It is true in that case the debtor did make a selection of his $200 exemption out of goods not covered by the mortgage, but he did not do this until some time after the mortgage was executed, so at the time of its execution he might, just as well as the plaintiff here, have selected all or a part from the mortgaged property, and, on the reasoning applied by the circuit judge, that mortgage must have been held ambulatory and uncertain and to convey nothing. It gained no new validity by reason of the subsequent acts of the mortgagor. We therefore reach the conclusion that the trial court erred in holding on the undisputed evidence that the mortgage was void and in directing a verdict for the plaintiff. Whether he should, on the contrary, have directed a verdict for the defendant is a question which was not presented to him on the trial and which is obscured by some uncertainty in the record, possibly due to the consideration that it would not be raised upon this appeal. We think, therefore, that it is the safer course to remand the cause for a new trial, to the end that the court may properly consider any obstacles that the plaintiff may urge to the invalidation of his policy by the existence of this incumbrance.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

SIEBECKER, J., dissents.