ROSENTHAL and another, Respondents, vs. PLECK, Appellant.

*January 9—February 5, 1918.*

*Homestead: Alienation without wife's consent.*

1. Since the enactment of ch. 45, Laws 1905 (amending sec. 2203, Stats. 1898), every alienation by a married man of his homestead without his wife's consent, evidenced as there stated, is absolutely void, no matter in what form it may be made or what interest therein it may seek to alienate.

2. Thus a contract, in which the wife did not join, to convey lands including a homestead is void *in toto*, cannot be specifically enforced or be reformed so as to release therefrom the homestead right, and cannot be made the basis of an action for damages.

APPEAL from a judgment of the circuit court for Door county: W. B. QUINLAN, Judge.    *Reversed.*

Action for specific performance of a written contract to exchange lands. A part of the land which defendant agreed to convey was his homestead. No valuations of the separate parcels owned by each of the parties or of the whole thereof were contained in the agreement. Defendant's wife was named as a party in the contract to exchange, but she did not sign it, and she refused to join in a conveyance. The court refused specific performance, but rendered judgment for plaintiff for $1,000, the amount of liquidated damages provided for in the contract in case either party failed to perform. The defendant appealed.

*W. E. Wagener* of Sturgeon Bay, for the appellant.

*Louis L. Cohen* of Milwaukee, for the respondents.

VINJE, J. Prior to the amendment of sec. 2203, Stats. 1898, by ch. 45, Laws 1905, the section, as to alienation of homesteads, read:

"No mortgage or other alienation by a married man of his homestead, exempt by law from execution, shall be valid or of any effect as to such homestead without the signature of his wife to the same."

In *Jerdee v. Furbush,* 115 Wis. 277, 91 N. W. 661, decided in 1902, it was held, following the logic of *Conrad v. Schwamb,* 53 Wis. 372, 10 N. W. 395, and *Ferguson v. Mason,* 60 Wis. 377, 19 N. W. 420, that the husband's disability extended only to such alienation of the land as interfered with its use as a homestead, and that a deed executed by him alone conveyed an equitable interest entitling the grantee to the legal title when the homestead right ceased. In 1905 the legislature, by ch. 45 of the laws of that year, amended this part of the section to read:

"No mortgage or other alienation by a married man of his homestead, exempt by law from execution, or any interest therein, legal or equitable, present or future, by deed or otherwise, without his wife's consent, evidenced by her act of joining in the deed, mortgage or other conveyance, shall be valid or of any effect whatever."

Such has been the law since.    It is clear that the statute as it now stands declares every alienation by a married man of his homestead without his wife's signature absolutely void, no matter in what form it may be made or what interest therein it may seek to alienate.    The statute was no doubt amended to change the rule announced in *Jerdee v. Furbush, supra.*    In the present case alienation was attempted by a written agreement to convey.    Such an agreement, if otherwise valid, conveys an equitable title to the land (*Krakow v. Wille,* 125 Wis. 284, 103 N. W. 1121; 13 Ruling Case Law, 638, 639), and specific performance will lie to compel the transfer of the legal title.    The statute expressly declares such a contract void, and a court of equity has no power to reform it by releasing therefrom the homestead right, because the court cannot give life to that which the statute declares invalid.    13 Ruling Case Law, 639, note; 28 L. R. A. N. s. 872; *Stodalka v. Novotny,* 144 Ill. 125, 33 N. E. 534.    For the same reason the contract, being void *in toto,* cannot be made the basis of an action for damages.    13 Ruling Case Law, 639; *Lichty v. Beale,* 75 Neb. 770, 106 N. W. 1018; *Wheelock v. Countryman,* 133 Iowa, 289, 110 N. W. 598; *Mundy v. Shellaberger,* 161 Fed. 503 and cases cited on p. 506; *Silander v. Gronna,* 15 N. Dak. 552, 108 N. W. 544, 125 Am. St. Rep. 616 and note. The statutory condemnation reaches every feature of the contract that involves the alienation of the homestead, to the end that no valid obligation for its alienation or of any interest therein, or for the incurring of any liability thereunder, can be made by the husband without the wife's consent.    The legislative thought was that it is contrary to public policy to permit the husband alone to alienate the homestead in any manner, or to incur any liability through an attempt to do so, because to stop short of that would be to emasculate the essential feature of the law, which is the conservation of the homestead for the family.    If the husband could incur a liability in an attempt to alienate it, the liability might be

more disastrous than the alienation. At any rate, such a liability might wring consent to convey from an unwilling wife, or, if not, be the occasion for grave domestic troubles. For these reasons the statute declares that no contract on his part alone to alienate the homestead or any interest therein "shall be valid or of any effect whatever." The construction now given our present statute brings this state into harmony with the rule declared in the great majority of states. See note to *Jerdee v. Furbush* (115 Wis. 277, 91 N. W. 661) 95 Am. St. Rep. 909, and note to *Thomas v. Craft* (55 Fla. 842, 46 South. 594) 15 Am. & Eng. Ann. Cas. 1118.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint upon the merits.