PRAHL, Appellant, vs. BOEHME, imp., Respondent.

*October 11—November 9, 1926.*

*Bills and notes: Holder in due course: Consideration: Note taken to secure antecedent debt: Evidence: Sufficiency.*

1. Findings that the holder of a promissory note became such in due course and without knowledge that his transferrer received the note for the purpose of enabling money to be raised thereon and not for the purpose of collaterally securing a past-due indebtedness, are *held* sustained by the evidence. p. 246.

2. Under sec. 116.30, Stats., by amendment in 1917 made to conform to sec. 25 of the Uniform Negotiable Instruments Act, a transferee accepting a note on account of an antecedent or pre-existing debt is a holder for value.   p. 246.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge.  *Affirmed.*

An action to cancel two indorsements on a promissory note, asking that title thereto be adjudged to be in the plaintiff and for judgment on the note against the maker, Alfred C. Rudolph.  It appears from the findings of fact that on the 23d day of November, 1921, the defendant Rudolph made, executed, and delivered for value to the plaintiff his promissory note in writing, promising to pay to his order the sum of $1,470 six months after date, with interest thereon at seven per cent. per annum; that on December 5, 1921, the plaintiff indorsed the note in blank and delivered the same to Du Bois French Cafés, Inc.; that at the time of such delivery it was agreed between the plaintiff and said company that the note might be used by the company as collateral security for the purpose of obtaining money or credit; that on the 31st day of December, 1921, the company indorsed the note in blank and delivered the same to the defendant *Louis Boehme* to secure the payment of a then existing indebtedness from the company to *Boehme* for goods sold and delivered and money loaned, which indebtedness at the time amounted to $2,271.22; that the note was complete and regular on its face, was transferred to the defendant *Boehme* before maturity, not having been previously dishonored; that *Boehme* took the note in good faith, for value; that he had no knowledge at the time it was negotiated to him of an infirmity in the instrument or of any defect in the title of said Du Bois French Cafés, Inc.; that there was no infirmity in the instrument or any defect in the title of the transferrer and that the defendant took the note in the usual

course of business; that the defendant *Boehme* is still the owner and holder of the note; that no part thereof has been paid, and that no part of the indebtedness of the Du Bois French Cafés, Inc., has been paid to the defendant *Boehme.* Judgment was rendered dismissing the plaintiff's complaint with costs, from which judgment plaintiff appeals.

The cause was submitted for the appellant on the brief of *McLogan & Powers,* attorneys, and *John A. Dorney,* of counsel, all of Milwaukee, and for the respondent on that of *Benjamin W. Reynolds,* attorney, and *Harvey C. Hartwig,* of counsel, both of Milwaukee.

ROSENBERRY, J.   The plaintiff contends that the defendant *Boehme* is not a holder in due course because (1st) there was an infirmity in the instrument and a defect in the title of the transferrer, Du Bois French Cafés, Inc.; (2d) that the defendant *Boehme* did not take the note in good faith; (3d) that the defendant *Boehme* is not a holder in due course because he accepted the note with notice of the defect of title of the transferrer; and (4th) that the defendant *Boehme* is not the owner of said note because under the facts as claimed by the plaintiff the note is the property of the plaintiff.   There is no infirmity in the instrument; the plaintiff's claim here is that there is a defect in the title of the Du Bois French Cafés, Inc.   It is claimed by the plaintiff that the note was transferred to the Du Bois French Cafés, Inc., for the purpose of enabling it to raise money, and that its transfer by the Du Bois French Cafés, Inc., for the purpose of securing a past-due indebtedness to *Boehme* was unauthorized and that the company had no title which it could transfer for that purpose; that the defendant *Boehme* had notice of such defect in the title of the Du Bois French Cafés, Inc., and therefore cannot be a holder in due course. There was a conflict in the evidence and the court found

against the contention of the plaintiff, and we cannot say that the finding is against the clear preponderance or great weight of the evidence.

No useful purpose would be served by a review of the evidence. The court had clearly in mind and correctly applied the rules of law, and his findings are clear and definite and well supported if the testimony of the defendant *Boehme* is to be believed.

Under the provisions of sec. 116.30, Stats. (Uniform Negotiable Instruments Act), if one accepts a note on account of an antecedent or pre-existing debt such acceptance constitutes the transferee a holder for value. That was not the rule in Wisconsin prior to the adoption of the Uniform Negotiable Instruments Law. When the act was first adopted in 1899, the rule of law in force prior to that time in this state was annexed to sec. 1675—51 of the Wisconsin act (sec. 25 of the Uniform Negotiable Instruments Act). In 1917, however, sec. 1675—51, now sec. 116.30, was amended and made to conform to sec. 25 of the Uniform Negotiable Instruments Act. Under that act and the circumstances of this case, the transferee becomes a holder for value. *Kelso & Co. v. Ellis,* 224 N. Y. 528, 121 N. E. 364. See, also, 3 Wis. Law Review, 321, 330–341; 5 Uniform Laws, Ann. 127, 228, and cases cited.

*By the Court.*—Judgment affirmed.