SCHWENKER, as State Commissioner of Banking, Appellant, vs. JOHNSON and others, Respondents.

*February 5—March 5, 1929.*

302

The following opinion was filed March 5, 1929:

STEVENS, J. The case presents one of those unfortunate situations where a man unskilled in business affairs, through misplaced confidence in one in whom he had faith, has been put in a situation where he is legally subject to liability for approximately double the amount of the debt incurred by him.

As between the Wheeler Credit Company and the defendant Johnson, the note of $2,000 was invalid because given without consideration. But want of consideration is no defense against a holder in due course. Sec. 116.33, Stats. One who takes a negotiable instrument as collateral security under circumstances that would make him a holder in due course if he were the purchaser thereof has all the rights of a holder in due course. *Samson v. Ward,* 147 Wis. 48, 52, 132 N. W. 629; *Walmer v. First Acceptance Co.* 192 Wis. 300, 305, 212 N. W. 638. When a negotiable instrument is pledged as collateral to secure advances to be made in the future, as it was in this case, the pledgee becomes a holder in due course at the time when and to the extent that advances are made from time to time upon the faith of such collateral. 8 Corp. Jur. p. 488.

The fact that the managing officer of the Wheeler Credit Company procured this $2,000 note by falsely representing that the note to the bank would be paid out of proceeds of the note would doubtless make the title of the Credit Company to the note defective. Sec. 116.60, Stats. This put the burden upon the Intermediate Credit Bank to establish that

it was a holder in due course, which burden it has fully met.

So that we start the consideration of the rights of the parties with the fact that the Intermediate Credit Bank is a holder in due course of the $2,000 note. However, its rights as such holder are limited to securing the payment of any amounts which it may fail to realize from rediscounts which are collateralized by this $2,000 note and chattel mortgage. Should the full amount paid for these rediscounts with interest be realized from the securities themselves, the Intermediate Credit Bank will have no further claim upon this note and chattel mortgage.

The chattel mortgage given by the defendant Johnson to secure his $2,100 note to the Wheeler State Bank was void and of no effect. This chattel mortgage was withdrawn from the files of the town clerk by the cashier of the Wheeler State Bank before the chattel mortgage held by the Intermediate Credit Bank was filed. When the Intermediate Credit Bank accepted this note and mortgage it required an affidavit of the town clerk showing that the chattel mortgage assigned to it was the only one given by the defendant Johnson which was on file in the town clerk's office. So that the Intermediate Credit Bank took the assignment of the chattel mortgage without any knowledge, either actual or constructive, that the Wheeler State Bank had any claim on the personal property covered by this chattel mortgage. The fact is that the bank then had no such claim, because its chattel mortgage was void and of no effect.

At a later date the defendant Johnson gave the Wheeler State Bank a third chattel mortgage upon the same identical personal property that is covered by the chattel mortgage held by the Intermediate Credit Bank as collateral. This last chattel mortgage by its terms secured the payment of the $1,853 renewal note. It was not signed by Mrs. Johnson and was not filed in the office of the town clerk. The trial

court held that this last chattel mortgage was invalid because executed without consideration. The existing unsecured obligation of $1,853 due the Wheeler State Bank was a good and sufficient consideration for this mortgage to make it a valid chattel mortgage as between the Wheeler State Bank and the defendant Johnson, subject of course to the prior rights of the Intermediate Credit Bank as pledgee. This last mortgage was subject to the further limitation that it was invalid as to all property that was exempt from execution, inasmuch as it was not signed by Mrs. Johnson. Sec. 241.08, Stats. *Molle v. Kewaskum Mut. F. Ins. Co.* 134 Wis. 404, 406–407, 114 N. W. 798.

This is an action in equity. It is the duty of the court to do equity between the parties in so far as the legal rights of the parties will permit. Defendant Johnson ought in equity to pay the debt which he owes but once. But the court cannot divest the legal rights which the two banks have in the obligations signed by him, merely because he, through the manipulations of the cashier of the defunct bank, has placed himself in such a position that he is legally liable to two institutions.

In order to protect the interests of all the parties the judgment entered is reversed and the cause remanded with directions to enter judgment for the plaintiff against the defendant Johnson for the amount due for principal and interest on his $1,853 note dated May 22, 1926. The trial court will determine by such judgment, after hearing all parties, whether the interests of the parties to the action may be protected by continuing the security of the two chattel mortgages dated June 15, 1926, and October 22, 1926, or whether the property covered by these chattel mortgages, or any portion thereof, should be sold and the proceeds held in court until it is determined whether the Intermediate Credit Bank may be entitled to receive any sum upon this collateral to make good any loss which it may sustain upon

its rediscounts purchased from the Wheeler Credit Company, the balance, if any, of the sum realized from such sale to be subject to the rights of the plaintiff under the chattel mortgage dated October 22, 1926, unless his judgment against defendant Johnson has theretofore been paid and satisfied; or the court may take such other action as will protect the rights and the equities of the parties.

*By the Court.*—So ordered.

A motion for a rehearing was denied, with $25 costs, on April 30, 1929.