CREMER, Respondent, vs. BANKING COMMISSION, Receiver, imp., Appellant.

*February 8—March 9, 1937.*

*J. Henry Bennett* of Viroqua, for the appellant.
*Albert C. Wolfe* of La Crosse, for the respondent.

FRITZ, J.    The crucial question on this appeal is whether the plaintiff can be considered to be a subsequent mortgagee in good faith by virtue of the fact that he is the holder of a chattel mortgage given to him to secure a pre-existing indebtedness owing to him by the owners of the mortgaged property on June 22, 1933, after they, on June 1, 1931, had given to the bank of Westby a chattel mortgage thereon, which was filed on June 3, 1931, in compliance with sec. 241.10, Stats., but as to which no affidavit of renewal was filed within two years thereafter, as was then required by sec. 241.11, Stats. 1929–1931.

It is undisputed that the mortgage upon which the plaintiff relies was given to him by Hassan and Clifford Widner on June 22, 1933, to secure a negotiable note of even date for $544.71, which they owed plaintiff on account of past due interest on a loan of $2,000, secured by a mortgage on real property.    Because the plaintiff had been dunning them for the payment of that interest they, without his request or

knowledge, executed the note and chattel mortgage, and delivered them to the plaintiff on June 22, 1933, in payment or as additional security for the interest indebtedness. He accepted them, and the mortgage was duly filed on June 22, 1933. There is no evidence that he had any knowledge as to the mortgage given by the same mortgagors to the Westby State Bank on June 1, 1931, to secure $725 which they owed the bank. That mortgage was duly recorded on June 3, 1931, but no "affidavit of renewal" was filed within two years thereafter as was then required by sec. 241.11, Stats. 1929–1931, which reads,—

"Every such mortgage shall cease to be valid, as against the creditors of the person making the same or subsequent purchasers or mortgagees in good faith, after the expiration of two years from the filing of the same or a copy thereof, unless within thirty days next preceding the expiration of the two years the mortgagee, his agent or attorney shall make and annex to the instrument or copy on file in the office of the register of deeds, or city, village or town clerk mentioned in section 241.10, an affidavit setting forth the interest which the mortgagee has by virtue of such mortgage in the property therein mentioned, upon which affidavit the register of deeds or city, village or town clerk shall make the same indorsement and the same entries of the filing of such affidavits, as are required for the original filing of the mortgage, and receive for such filing and entering the same compensation."

The court, in connection with the facts stated above, also found that at the time the plaintiff received his chattel mortgage from the Widners he "had no actual or constructive knowledge of the prior chattel mortgage given the Westby State Bank;" and upon those findings the court concluded that the plaintiff was entitled to judgment for recovery of possession of the mortgaged property or the value thereof.

The record warranted the court's findings and conclusions; and the judgment entered thereon is in accordance with the decision in *Pierce v. Westby State Bank*, 218 Wis. 648, 261

N. W. 752. The following statements in that decision are likewise applicable and controlling in this case, to wit:

"When the two-year period expired without an affidavit of renewal being attached to the mortgage or copy on file, it ceased to give constructive notice of its existence and ceased to be valid as against a subsequent purchaser or mortgagee in good faith. . . .

"The only other question therefore that requires consideration is whether the plaintiff was a mortgagee in good faith. That the plaintiff's mortgage was given to secure a valid and existing debt then owing the plaintiff by . . . the mortgagor there can be no doubt. There is nothing in the record tending to show that the plaintiff had actual knowledge of the bank's mortgage."

There is no occasion to restate or to add to the reasons and authorities for that decision excepting that it may be noted that since the enactment of sec. 116.30, Stats., the Uniform Negotiable Instruments Act, which reads, "Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; . . ." an antecedent or pre-existing debt is deemed to constitute sufficient consideration to render a creditor, upon accepting a negotiable note before maturity as collateral security for his debt, a holder for value. *Prahl v. Boehme,* 191 Wis. 243, 210 N. W. 821; *First National Bank v. Naylor,* 211 Wis. 225, 229, 247 N. W. 855; and in *Schwenker v. Johnson,* 198 Wis. 300, 305, 224 N. W. 117, a pre-existing unsecured debt was held sufficient consideration to render a chattel mortgage given to secure a renewal note, a valid mortgage.

*By the Court.*—Judgment affirmed.