WILBURN, by guardian *ad litem,* Respondent, vs. LAND and wife, imp., Appellants.

*January 26—February 16, 1909.*

*Ejectment: Legal title or right of possession essential: Homestead: Conveyance without wife's signature.*

1. Legal title or estate, or immediate legal right to possession, are essential prerequisites to the maintenance of an action of ejectment.
2. A conveyance by a married man of his homestead without the signature of his wife, even if it might, under sec. 2203, Stats. (1898), be effective as a contract to convey, did not vest in the grantee either legal title or right to possession such as would enable him to maintain ejectment.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

Action of ejectment tried to the court without a jury. Both parties deraign title from John Arquett: plaintiff under a quitclaim deed of an undivided one-half of the premises, expressing a consideration of $1,500, dated December 20, 1902, and recorded March 5, 1903, executed by John Arquett, alone, who at that time was a married man and with his wife occupied the premises in question as a homestead, they being owned in common, one half by Arquett and one half by his wife, and being within the statutory limits of area and value. The defendants claim title under a warranty deed from John Arquett and his wife, in consideration of $1,250, dated August 31, 1905, at which time John Arquett and his wife surrendered possession to defendants,

who have since occupied the same by tenants. The court found as fact that the quitclaim deed to the plaintiff was for a good and valuable consideration, notwithstanding her own undisputed and unqualified testimony that she paid no consideration whatever, and that the transaction was a voluntary gift. She is a daughter of John Arquett. The court made conclusion of law that plaintiff was the owner of an undivided half interest in the premises and was entitled to recover on reimbursing certain sums paid by the defendants in discharge of incumbrances and taxes and making of certain improvements, and so adjudged, from which judgment the defendants appeal.

For the appellants there were briefs by *R. Reukema* and *Otto A. Lemke,* and oral argument by *Mr. Lemke.*

For the respondent there was a brief by *Rubin & Zabel,* and oral argument by *Mr. Zabel.*

Dodge, J. Legal title or estate, or immediate legal right to possession, are essential prerequisites to the maintenance of an action of ejectment. Sec. 3074, Stats. (1898) ; *Eaton v. Smith,* 19 Wis. 537; *Kinney v. Dexter,* 81 Wis. 80, 51 N. W. 82; *Grindo v. McGee,* 111 Wis. 531, 535, 87 N. W. 468. Under sec. 2203, Stats. (1898), the conveyance from John Arquett to the plaintiff of his homestead without his wife's consent evidenced by her joining in the deed was absolutely void, at least as a conveyance of the legal title. *Ferguson v. Mason,* 60 Wis. 377, 390, 19 N. W. 420; *Whitmore v. Hay,* 85 Wis. 240, 250, 55 N. W. 708; *Town v. Gensch,* 101 Wis. 445, 451, 76 N. W. 1096, 77 N. W. 893. True, this statute had, by construction, prior to its amendment by ch. 45, Laws of 1905, been somewhat emasculated of its protective efficacy, but such construction proceeded no further than to accord to an attempted conveyance without the wife's signature effect as evidencing an executory contract to convey at some future time and not until all homestead rights had been satisfied.

*Conrad v. Schwamb,* 53 Wis. 372, 10 N. W. 395.; *Town v. Gensch, supra; Jerdee v. Furbush,* 115 Wis. 277, 91 N. W. 661. Such a contract, however, is not effective to vest in the grantee either legal title or right of possession. To that end, a court of equity must decide whether, in equity, the conveyance of legal title should be specifically enforced, or plaintiff be left to legal remedies for breach. *Hanson v. Michelson,* 19 Wis. 498, 508; *Whitmore v. Hay,* 85 Wis. 240, 249, 55 N. W. 708; *Mulligan v. Albertz,* 103 Wis. 140, 143; 78 N. W. 1093; *Willey v. Hodge,* 104 Wis. 81, 80 N. W. 75; *Park v. M., St. P. & S. S. M. R. Co.* 114 Wis. 347, 353, 89 N. W. 532. It follows necessarily that plaintiff has not shown any right to recover in this action, even if the conveyance by Arquett and his wife of the homestead property to another and consequent abandonment of the premises as a homestead constitutes a condition upon which the deed might become effective as a contract to convey,—a question which we do not decide.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.