GOTFREDSON BROTHERS COMPANY, Appellant, vs. DUSING
and another, Respondents.

*January 12—April 5, 1911.*

*Mortgages: Homestead: Reformation.*

The description in a mortgage cannot be corrected, in an action to
reform the instrument, so as to include the homestead of the
mortgagors, who were husband and wife at the time of its exe-
cution. Sec. 2257, Stats. (1898), does not relate to an action
for reformation, and the amendment of sec. 2203 by ch. 45, Laws
of 1905, did not alter the rule.

APPEAL from a judgment of the circuit court for Calumet
county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Action for the reformation and foreclosure of a mortgage.
August 16, 1906, the defendants *Charles J. Dusing* and his
wife, *Amanda Dusing,* for the purpose of securing a pre-
existing indebtedness due from *Charles J. Dusing* to the plaint-
iff, executed a mortgage intended and supposed to cover their
homestead. By mistake of all parties, other lands, and not
the homestead, were described in the mortgage. The wife,
who was not possessed of any separate estate, appeared and
objected to a reformation of the mortgage and sale of the
homestead. From a judgment refusing reformation and dis-
missing the complaint as to the wife the plaintiff appealed.

For the appellant there was a brief by *Minahan & Mina-
han,* and oral argument by *V. I. Minahan.*

For the respondents there was a brief by *Nash & Nash,*
and oral argument by *E. J. Nash.*

The following opinion was filed January 31, 1911:

VINJE, J.   The question presented by this appeal is, Can
a description in a mortgage be corrected in an action to re-
form the instrument so as to include the homestead of the
mortgagors, who were husband and wife at the time of the

execution thereof? In the cases of *Petesch v. Hambach,* 48 Wis. 443, 4 N. W. 565; *O'Malley v. Ruddy,* 79 Wis. 147, 48 N. W. 116; and *Cumps v. Kiyo,* 104 Wis. 656, 80 N. W. 937, this court held that it could not. We are urged to overrule these decisions because they were made without reference to sec. 2257, Stats. (1898), which it is claimed gives the court such power. That section provides:

"The circuit court of any county in which a conveyance of real estate shall have been recorded may make an order correcting the description in such conveyance on proof being made to the satisfaction of the court that such conveyance contains an erroneous description, not intended by the parties thereto; or when the description is ambiguous and does not clearly or fully describe the premises intended to be conveyed, if the grantor therein is dead or a nonresident of the state and the person to whom it was made, his heirs, legal representatives or assigns have been in the quiet, undisturbed and peaceable possession of the premises intended to be conveyed for the term of ten years or more; but this section shall not prevent an action for the reformation of any conveyance, and if in any doubt the court shall direct such action to be brought."

It is clear that the conditions under which the order therein provided for may be made do not apply to this case. Here the grantors are neither dead nor nonresidents of the state, and the grantee has never been in possession of the premises conveyed. Moreover, the statute was in existence when the cases mentioned were decided, and the reason it was not therein referred to was no doubt because it in no way relates to an action for reformation.

The policy of the law and the reasons for refusing reformation are so fully set forth in the cases above referred to that a restatement thereof is not deemed necessary. In the case of *O'Malley v. Ruddy, supra,* the court refused reformation even though the wife by her answer consented thereto, on the ground that the statute had provided for no such mode of alienation of a homestead; that nothing less than her signature on the instrument of conveyance was effectual. No

valid reason has been called to our attention why we should overrule those cases, and we must decline to do so.

But it is urged that the amendment of sec. 2203, Stats. (1898), by ch. 45, Laws of 1905, destroys the reasons for the rule laid down in the cases cited, and therefore destroys the rule, inasmuch as the nature of the homestead estate in the wife is changed.   Sec. 2203 reads as follows:

"Conveyances of land or of any estate or interest therein may be made by deed, signed and sealed by the person from whom the estate or interest is intended to pass, being of lawful age, or by his lawful agent or attorney, and acknowledged or proved as directed in this chapter, without any other act or ceremony whatever; but no mortgage or other alienation by a married man of his homestead, exempt by law from execution, shall be valid or of any effect as to such homestead without the signature of his wife to the same."

It was enacted in 1858 and remained unchanged until the amendment of 1905.   It was therefore in force when the above mentioned cases were decided.   By the amendment of 1905 it was changed to read as follows:

"Conveyances of land or any estate or interest therein may be made by deed signed and sealed by the person from whom the estate or interest is intended to pass, being of lawful age, or by his lawful agent or attorney, and acknowledged or proved as directed in this chapter, without any other act or ceremony whatever; but no mortgage or other alienation by a married man of his homestead, exempt by law from execution, or any interest therein, legal or equitable, present or future, by deed or otherwise, without his wife's consent, evidenced by her act of joining in the deed, mortgage or other conveyance, shall be valid or of any effect whatever."

It will be perceived that no attempt was made by the amendment to change the nature of the homestead estate, but only to strengthen the protective efficacy of the statute, which, as stated by this court in *Wilburn v. Land,* 138 Wis. 36, 119 N. W. 803, had been somewhat emasculated by the construction given it in *Conrad v. Schwamb,* 53 Wis. 372, 10 N. W. 395;

*Ferguson v. Mason,* 60 Wis. 377, 19 N. W. 420; and *Jerdee v. Furbush,* 115 Wis. 277, 91 N. W. 661. Indeed, the amendment was passed as a direct result of the decision in *Jerdee v. Furbush* and of the suggestion therein contained, in order to more completely protect the homestead estate and to render any alienation thereof by the husband, without the signature of the wife, void. The phrase in the amendment, "evidenced by her act of joining in the deed, mortgage or other conveyance," is equivalent to the phrase "without the signature of the wife to the same" in the law as it stood before. Only by affixing her signature to the conveyance can a wife join therein. If it was the policy of the law to refuse a reformation under the statute as it stood before the amendment, it should be all the more its policy to refuse it under the statute as amended.

It is also urged that no reformation is necessary; that the court can give such a construction to the erroneous description as to make it cover the right one, and foreclose upon the actual homestead with the description so corrected by construction. This contention was aptly answered by the trial judge in his opinion, where he said:

"It makes no difference, I take it, whether we call it a 'reformation' or a 'correction.' Both mean the same thing as applied to the present question. The stubborn fact remains that the plaintiff cannot have a foreclosure on his homestead without the court putting in a description entirely different from what the parties have put into the instrument."

The statute prohibits an alienation by correction as much as it does by reformation, for the one would comply with it no more than the other. In either case there would be no conveyance with the signature of the wife to the same, or with her consent evidenced by her act of joining therein. The latter is now necessary to a valid mortgage upon the homestead of a married man.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied April 5, 1911.