Douglas D. SMILJANIC, Plaintiff-Appellant,†

v.

Scott NIEDERMEYER, Susan Niedermeyer,
James R. Haasch, Diane Finger Haasch,
James W. Schlesing, Donna L. Connely,
Robert Aubry, Linda Aubry, Barbara J. Mathison,
Brian Well, Julie Well, Steven Wallace,
Shelley Wallace, Michael Dejong, Julie Dejong,
Scott Kraemer and Terese Kraemer,
Defendants-Respondents.

Court of Appeals

*No. 2006AP3083. Submitted on briefs May 7, 2007.*
*—Decided June 7, 2007.*

2007 WI App 182

(Also reported in 737 N.W.2d 436.)

† Petition to review denied 9/10/07.

197

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *J. Bushnell Nielsen* and *Rebecca Leair* of *Reinhart Boerner Van Deuren S.C.*, Waukesha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *James W. Hammes* of *Cramer, Multhauf & Hammes, LLP*, Waukesha.

Before Vergeront, Higginbotham and Bridge, JJ.

¶ 1. VERGERONT, J. This appeal concerns a dispute over the effect of a recorded affidavit of the sellers'

broker that averred the sellers had intended to convey an easement not reflected in the recorded deed. The circuit court concluded that the affidavit, recorded in 1955, was not a valid means of conveying the easement or correcting the deed. The court therefore granted summary judgment against Douglas Smiljanic, the person claiming he has the right to the easement. Smiljanic appeals, contending that the recorded affidavit is a valid method of correcting the deed, that it was not necessary to utilize the court procedure established in Wis. Stat. § 847.07 (2005–06)[1] and its predecessor, and that Wis. Stat. § 706.09(1)(i) bars an attack on the facts asserted in the affidavit because it was recorded more than five years ago.

¶ 2. We conclude there was and is no statutory authority for accomplishing a correction of the description of the property conveyed by the deed by simply recording the broker's affidavit and that Wis. Stat. § 847.07 and its predecessor establish the proper procedure for seeking the correction. We also conclude that Wis. Stat. § 706.09(1)(i) does not make the affidavit a valid means of either conveying the easement or correcting the deed. Finally, for the reasons we explain below, we reject Smiljanic's argument that the court was obligated to grant him relief under § 847.07. We therefore affirm.

## BACKGROUND

¶ 3. The parties agree that the relevant facts are not disputed. In 1948, Etta Friedman and Rose Fox conveyed by warranty deed a parcel of land consisting of 10.85 acres to Gertrude Kozlowski (the Kozlowski prop-

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

erty). The deed was recorded in July 1948. The deed included an easement referred to as the private roadway easement. In October 1955, the deed was re-recorded along with the affidavit of C.W. Kamerling. In the affidavit, Kamerling averred that he was a licensed real estate broker and had represented Friedman and Fox in the transaction, and that at the time the deed was delivered "it had attached to it, and forming a part of it, a non-exclusive right-of-way for the purpose of ingress and egress to and from Oconomowoc Lake . . ." which "in some unexplainable manner, became detached from the deed . . . ." The affidavit contained a description of the easement, which is different than the private roadway easement and which we will refer to as the lake easement. Kamerling averred that his records indicate that the lake easement was included in the sale and in the purchase price.

¶ 4. In 2004, Kozlowski's heirs conveyed a parcel of the Kozlowski property to Smiljanic and the deed included a description of the lake easement. Smiljanic filed this action in 2006 against the owners of fee simple title to a parcel of property fronting on Lake Oconomowoc over which the lake easement runs. He alleged they were denying him access to that easement, and asked for a declaration that the lake easement was valid and for related relief.

¶ 5. Both Smiljanic and the defendants moved for summary judgment on the issue of the validity of the grant of the lake easement. The circuit court granted summary judgment in the defendants' favor. The court concluded that under WIS. STAT. § 706.02(1), there was not a valid conveyance of the lake easement to Gertrude Kozlowski because there was no conveyance that described the easement and there was no signature by either Friedman and Fox or by someone on their behalf.

The deed Friedman and Fox signed did not contain a description of the easement and Kamerling's affidavit did not show that he was authorized to act on their behalf in 1955. The court noted that, while WIS. STAT. § 235.65 (1955), now WIS. STAT. § 847.07 (*see infra* at footnote 4), allowed a court to enter an order in certain circumstances to correct a description, that procedure had not been used, and, the court concluded, the filing of Kamerling's affidavit was not a valid alternative. The court rejected Smiljanic's argument that WIS. STAT. § 236.295(1)(a) (1955), now WIS. STAT. § 706.09(1)(i), barred a challenge to the facts asserted in Kamerling's affidavit because there was no challenge within five years from the date it was recorded.

¶ 6. Smiljanic moved for reconsideration and submitted copies of documents that, he contended, showed that affidavits making corrections to deeds, including adding an easement, are regularly recorded in the office of the Waukesha County Register of Deeds. The court denied the motion.

## DISCUSSION

¶ 7. On appeal, Smiljanic contends that the circuit court erred in concluding that the recording of Kamerling's affidavit was not a valid means of correcting the deed to add the lake easement to the property described in the deed.[2] According to Smiljanic, it was

[2] The term "correcting" the legal description in the deed may imply that the grantors did in fact intend to grant the lake easement. The defendants do not concede that fact and refer to Kamerling's affidavit as an invalid attempt to convey a property interest in addition to that conveyed in the deed. The factual dispute over what the grantors intended is not material to the legal issues resolved by the circuit court and now before us on

not necessary to use the court procedure in WIS. STAT. § 235.65 (1955), as the circuit court concluded. Smiljanic also contends the circuit court erred in its construction of WIS. STAT. § 706.09(1)(i). That statute does apply, Smiljanic contends, and precludes a challenge to the facts recited in the affidavit at this time.

¶ 8. When we review the grant or denial of summary judgment, our review is de novo, and we employ the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–15, 401 N.W.2d 816 (1987). Summary judgment is proper when there are no issues of material fact and one party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).

¶ 9. Because in this case the parties do not dispute any material fact, which party is entitled to summary judgment depends upon the correct construction of the relevant statutes. When we construe a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and

this appeal; what is material is the undisputed fact that the lake easement described in the affidavit is not contained in the recorded deed. Because WIS. STAT. § 235.65 (1955) and WIS. STAT. § 847.07 use the phrase "correcting the description," we use that term as well. However, we do not mean to suggest that the grantors did intend to convey the lake easement.

we interpret it reasonably to avoid absurd or unreasonable results. *Id.*, ¶ 46. We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48.

■

¶ 10. We first address Smiljanic's contention that Kamerling's affidavit was a valid means of correcting the deed to add the lake easement to the property described in the deed. Smiljanic implicitly acknowledges that an easement is subject to the requirements of WIS. STAT. ch. 706 and that the affidavit itself is not a conveyance that meets the requirements of WIS. STAT. § 706.02.[3] His contention is that the recording of the

---

[3] An easement is an interest in land and therefore governed by WIS. STAT. ch. 706. *See Negus v. Madison Gas & Elec. Co.*, 112 Wis. 2d 52, 58, 331 N.W.2d 658 (Ct. App. 1983). Subject to certain exclusions, ch. 706 "governs every transaction by which any interest in land is created, aliened, mortgaged, assigned or may be otherwise affected in law or equity." WIS. STAT. § 706.001.

WISCONSIN STAT. § 706.02 provides:

**Formal requisites. (1)** Transactions under s. 706.001(1) shall not be valid unless evidenced by a conveyance that satisfies all of the following:

(a) Identifies the parties; and

(b) Identifies the land; and

(c) Identifies the interest conveyed, and any material term, condition, reservation, exception or contingency upon which the interest is to arise, continue or be extinguished, limited or encumbered; and

(d) Is signed by or on behalf of each of the grantors; and

(e) Is signed by or on behalf of all parties, if a lease or contract to convey; and

(f) Is signed, or joined in by separate conveyance, by or on behalf of each spouse, if the conveyance alienates any interest of a

affidavit is a permissible means of adding the lake easement to the property described in the deed, which did constitute a conveyance meeting the statutory requirements, and resort to the court procedure in WIS. STAT. § 235.65 (1955) was not required.

¶ 11. WISCONSIN STAT. § 235.65 (1955) provided:[4]

married person in a homestead under s. 706.01(7) except conveyances between spouses, but on a purchase money mortgage pledging that property as security only the purchaser need sign the mortgage; and

(g) Is delivered. Except under s. 706.09, a conveyance delivered upon a parol limitation or condition shall be subject thereto only if the issue arises in an action or proceeding commenced within 5 years following the date of such conditional delivery; however, when death or survival of a grantor is made such a limiting or conditioning circumstance, the conveyance shall be subject thereto only if the issue arises in an action or proceeding commenced within such 5-year period and commenced prior to such death.

(2) A conveyance may satisfy any of the foregoing requirements of this section:

(a) By specific reference, in a writing signed as required, to extrinsic writings in existence when the conveyance is executed; or

(b) By physical annexation of several writings to one another, with the mutual consent of the parties; or

(c) By several writings which show expressly on their faces that they refer to the same transaction, and which the parties have mutually acknowledged by conduct or agreement as evidences of the transaction.

WISCONSIN STAT. § 706.01(4) defines "conveyance" as:

(4) "Conveyance" means a written instrument, evidencing a transaction governed by this chapter, that satisfies the requirements of s. 706.02, subject to s. 706.25. [Uniform Real Property Electronic Recording Act].

[4] WISCONSIN STAT. § 847.07 now provides:

Correction of description in conveyance. (1) The circuit court of any county in which a conveyance of real estate has been

206

**Correction of description in conveyance**. The circuit court of any county in which a conveyance of real estate shall have been recorded *may* make an order

recorded may make an order correcting the description in the conveyance on proof being made to the satisfaction of the court that any of the following applies:

(a) The conveyance contains an erroneous description, not intended by the parties to the conveyance.

(b) The description is ambiguous and does not clearly or fully describe the premises intended to be conveyed.

(c) The grantor of the conveyance is dead, a nonresident of the state, a corporation that has ceased to exist, or a personal representative, guardian, trustee, or other person authorized to convey who has been discharged from his or her trust and the grantee or his or her heirs, legal representatives, or assigns have been in the quiet, undisturbed, and peaceable possession of the premises intended to be conveyed from the date of the conveyance.

(2) This section does not prevent an action for the reformation of any conveyance, and if in any doubt the court shall direct the action to be brought.

We observe that the unavailability of the grantor in WIS. STAT. § 847.07(1)(c) is now a separate alternative, whereas in the prior versions it was a condition to the preceding two alternatives, (now (1)(a) and (1)(b)). *See Gotfredson Bros. Co. v. Dusing*, 145 Wis. 659, 660, 129 N.W. 647 (1911). This change was enacted by 2001 Wis. Act 102, § 137. (WISCONSIN STAT. § 235.65 (1955) was renumbered WIS. STAT. § 818.07 by 1969 Wis. Laws, ch. 285, § 19, and § 818.07 was then renumbered to become WIS. STAT. § 847.07 by Sup. Ct. Order, 67 Wis. 2d 768 (1975).) The preamble describes Act 102 as having the purpose of "correcting errors, supplying omissions, correcting and clarifying references, and eliminating defects, anachronisms, conflicts, ambiguities and obsolete provisions." The introductory note to Act 102 provides more detail on the types of revisions made in the act, which include an emphasis on "[t]he subdivisions of long provisions and sentences into smaller numbered units," as evidently occurred in the revision to § 235.65. The introductory note concludes with this statement in bold: **"No substantive change to any affected statute is intended to be made by this bill."** Whether the legislature

207

correcting the description in such conveyances on proof being made to the satisfaction of the court that such conveyance contains an erroneous description, not intended by the parties thereto; or when the description is ambiguous and does not clearly or fully describe the premises intended to be conveyed, if the grantor therein is dead or a nonresident of the state, or is a corporation which has ceased to exist, or is an administrator, executor, guardian, trustee or other person authorized to convey and has been discharged from his trust and the person to whom it was made, his heirs, legal representatives or assigns have been in the quiet, undisturbed and peaceable possession of the premises intended to be conveyed from the date of such conveyance; but this section shall not prevent an action for the reformation of any conveyance, and if any doubt, the court shall direct such action to be brought.

(Emphasis added.)

¶ 12. Smiljanic argues that "may" means that the statute is only one means of correcting descriptions and another is the recording of an affidavit such as Kamerling's. We conclude this is not a reasonable construction. The word "may" here has the common meaning that the court is to exercise its discretion in deciding whether to make an order correcting the description. *See Liberty Grove Town Bd. v. Door County Bd. of Supervisors*, 2005 WI App 166, ¶ 10, 284 Wis. 2d 814, 702 N.W.2d 33. In other words, rather than requiring the circuit court to enter such an order on specified conditions, the legislature has decided that whether it is appropriate to enter such an order and what proof is satisfactory are questions that should be committed to

intended to change *Gotfredson's* construction of the statute by enacting 2001 Wis. Act 102, § 137 is an issue we need not address in this opinion.

the circuit court's discretion. It does not logically follow, as Smiljanic argues, that, because a court is not required to enter such an order, the legislature meant that a party did not have to seek a court order to obtain the correction of a description in a conveyance.

¶ 13. Smiljanic also argues that the statute does not state that it is the exclusive means to correct a description. We observe, first, that the statute *does* expressly state that it does "not prevent an action for reformation."[5] Since the legislature took care to make this statement, one would expect that the legislature would also state if other means of correcting a description were not prevented by the statute.

¶ 14. More significant, however, is the fact that Smiljanic is unable to point to any case or statute that permits, or did permit, the recording of Kamerling's affidavit to amend the legal description in the deed. In 1955, when the affidavit was recorded, WIS. STAT. § 235.46 (1955) provided:

> **Real estate titles; record evidence**. Affidavits, witnessed by two subscribing witnesses, stating facts as to possession of any premises, descent, heirship, date of birth, death or marriage, or as to the identity of a party to any conveyance of record, or that any such party was or is single or married, or as to the identification of any plats or subdivisions of any city or village, may be recorded in the office of the register of deeds in any county where such conveyance is recorded, or within which such premises or city or village is situated, and the record of any such affidavit, or a certified copy

---

[5] In an action for reformation, the plaintiff must establish by clear and convincing evidence that both parties intended to make a different instrument and had agreed on facts that were different than those in the instrument. *See Hajec v. Novitzke*, 46 Wis. 2d 402, 413–14, 175 N.W.2d 193 (1970).

thereof, shall be prima facie evidence of the facts touching any such matter, which are therein stated.

This statute was repealed by 1969 Wis. Laws, ch. 285, § 10. Neither party mentions this statute and it is evident that Kamerling's affidavit does not state facts that fall within the permissible facts listed in the statute. However, we consider the statute significant because it shows that the legislature did at one time permit a recorded affidavit to have a limited effect on a conveyance—that is, to be prima facie evidence of facts contained in the affidavit—in limited circumstances. There would have been no need for such a statute if Smiljanic were correct that, without statutory authority, simply recording an affidavit such as Kamerling's establishes as fact the assertions in it.

¶ 15. Smiljanic cites to Wis. Stat. § 236.295 as an example of a statute that permits recording "correction instruments" regarding recorded plats and certified survey maps.[6] A substantially similar version was in

---

[6] Wisconsin Stat. § 236.295 provides:

**Correction instruments. (1)** Correction instruments shall be recorded in the office of the register of deeds in the county in which the plat or certified survey map is recorded and may include any of the following:

(a) Affidavits to correct distances, angles, directions, bearings, chords, block or lot numbers, street names, or other details shown on a recorded plat or certified survey map. A correction instrument may not be used to reconfigure lots or outlots.

(b) Ratifications of a recorded plat or certified survey map signed and acknowledged in accordance with s. 706.07.

(c) Certificates of owners and mortgagees of record at time of recording.

**(2)**(a) Each affidavit in sub. (1)(a) correcting a plat or certified survey map that changes areas dedicated to the public or restrictions for the public benefit must be approved prior to

210

effect in 1955, codified as § 236.295 (1955). While recognizing that this statute is inapplicable in this case because neither a recorded plat nor a certified survey maps is involved, Smiljanic argues that § 236.295 shows the legislature did not intend that Wis. STAT. § 847.07 or its predecessor Wis. STAT. § 235.65 (1955) be the exclusive means of correcting a description (other than an action for reformation). We do not agree. Section 236.295 shows that when the legislature intends to give legal significance to the recording of an affidavit, without a court proceeding, it is very specific about what is permitted and what the effect is.

¶ 16. Smiljanic also quotes from a 1970 treatise on clearing title:

> [a] Wisconsin statute provides for the recording of affidavits . . . and declares that any such affidavit shall be prima facie evidence of the facts which are thus stated. Affidavits properly recorded under this section have been held sufficient to remedy alleged title defects so as to render the title marketable and sufficient to support an action for specific performance of a contract to convey . . . .[7]

recording by the governing body of the municipality or town in which the subdivision is located. The register of deeds shall note on the plat or certified survey map a reference to the page and volume in which the affidavit or instrument is recorded. The record of the affidavit or instrument, or a certified copy of the record, is prima facie evidence of the facts stated in the affidavit or instrument.

(b) Notwithstanding par. (a), in a county that maintains a tract index pursuant to s. 59.43(12m), a correction may be made by reference in the tract index to the plat or certified survey map.

[7] The sentence in full with the omitted language reads:

A Wisconsin statute provides for the recording of affidavits, witnessed by two subscribing witnesses, stating facts as to possession, descent, heirship, dates of birth, death or marriage, the identity or marital status of a party to any conveyance of record, as

PAUL E. BASYE, CLEARING LAND TITLES § 39 at 161 (2d ed. 1970) (footnotes omitted). The statute the author was referring to is "W.S.A. 235.46." *See id.* at n.42. As noted above, this statute did not apply to descriptions in a conveyance and has since been repealed. The above quoted description of the repealed statute *has since* been removed from the treatise. *See* BAYSE, § 39 (2d ed. 1970 & Supp. 2007).

¶ 17. Smiljanic argues that it is common practice to record affidavits to correct legal descriptions and that county offices of the registrar of deeds commonly accept them. We first observe that Smiljanic did not submit factual materials to support this assertion until his motion for reconsideration, which the court denied; and Smiljanic does not argue that the court erroneously exercised its discretion in doing so. Thus, these submissions are not part of the record that we are reviewing to decide if the court properly granted summary judgment against Smiljanic. However, even if they were, we do not see how the practice of county officials is relevant to the issues of statutory construction that are before us.[8]

---

to the identification of any plats or subdivisions of any city or village, or as to corporate authorization to convey, and declares that any such affidavit shall be prima facie evidence of the facts which are thus stated.

PAUL E. BASYE, CLEARING LAND TITLES § 39 at 161 (2d ed. 1970) (footnote omitted).

[8] We observe that the treatise on Wisconsin law from which Smiljanic quotes on another topic, *see infra* at ¶ 21, has a chapter on "Correction of Defects," with a section on "Description Variances." JAMES J. VANCE, TITLE TO REAL ESTATE, ch. 13 and § 13.02 (1998 rev. ed. & Supp. 1998). This section does not mention affidavits as a means of correcting descriptions, but

¶ 18. We conclude that the recording of Kamerling's affidavit did not have the effect of amending the description of the property and property interests conveyed in the 1948 deed. The procedure in WIS. STAT. § 235.65 (1955) was available in 1955, as it is now, for persons to apply to the circuit court to correct a description in a conveyance, and that procedure was not utilized. There was in 1955 and is now no statutory authority for accomplishing a correction of the description in the 1948 deed by simply recording Kamerling's affidavit.

¶ 19. Smiljanic makes an alternative argument based on WIS. STAT. § 706.09(1)(i), which provides:

> **Notice of conveyance from the record.**
> **(1)** WHEN CONVEYANCE IS FREE OF PRIOR ADVERSE CLAIM. A purchaser for a valuable consideration, without notice as defined in sub. (2), and the purchaser's successors in interest, shall take and hold the estate or interest purported to be conveyed to such purchaser free of any claim adverse to or inconsistent with such estate or interest, if such adverse claim is dependent for its validity or priority upon:
>
> . . . .
>
> (i) *Facts not asserted of record.* Any fact not appearing of record, but the opposite or contradiction of which appears affirmatively and expressly in a conveyance, affidavit or other instrument of record in the chain of title of the real estate affected for 5 years. Such facts may, without limitation by noninclusion, relate to age, sex, birth, death, capacity, relationship, family history, descent, heirship, names, identity of persons, marriage, marital status, homestead, possession or adverse possession, residence, service in the armed forces, conflicts

---

instead refers to corrective deeds and to various court procedures, including WIS. STAT. § 847.07.

213

and ambiguities in descriptions of land in recorded instruments, identification of any recorded plats or subdivisions, corporate authorization to convey, and the happening of any condition or event which terminates an estate or interest.[9]

(Footnote added.) Smiljanic argues that Kamerling's affidavit relates to "conflicts and ambiguities in the description of land in recorded instruments" because it corrects an incomplete description that occurred through inadvertence. Therefore, he asserts, after five years from the recording of that affidavit, the facts in it cannot be challenged.

¶ 20. As we understand Smiljanic's argument, the premise is that Kamerling's affidavit was a valid means of amending the legal description in the deed and, thus, of conveying the lake easement to Kozlowski. However, we have already concluded that the recording of the affidavit did not amend the legal description in the 1948 deed; and it is plain that the affidavit itself is not a conveyance within the meaning of Wis. Stat. § 706.01(4) because it does not satisfy the requirements of Wis. Stat. § 706.02. *See supra* at footnote 3. Wisconsin Stat. § 706.09(1)(i) is a means of eliminating adverse claims based on facts not of the record when the facts are contradicted by recorded instruments in the chain of title. It is not reasonable to construe the inclusion of the term "affidavit" in the phrase "conveyance, affidavit or other instrument of record . . ." in § 706.09(1)(i) to create an exception to the requirements for a conveyance contained in § 706.02. Rather, "affidavit" refers to

---

[9] Wisconsin Stat. § 706.09 was enacted by 1967 Wis. Laws, ch. 274, and originally codified at Wis. Stat. § 235.491 (1967). It was renumbered to § 706.09 by 1969 Wis. Laws, ch. 285, § 11.

those affidavits that are or were authorized by statute, such as WIS. STAT. § 235.46 (1955) and WIS. STAT. § 236.295.

¶ 21. Smiljanic contends that we should construe WIS. STAT. § 706.09(1)(i) liberally to effectuate the intent of the parties to the 1948 transaction. However, this presumes that Kamerling's affidavit, rather than the deed, is the correct expression of the parties' intent. He also contends that we should construe the paragraph liberally in light of the purpose of § 706.09, which is to ensure the marketability of title. *See Turner v. Taylor*, 2003 WI App 256, ¶ 11, 268 Wis. 2d 628, 673 N.W.2d 716. Smiljanic points out that one writer has described the reach of the statute to be so broad as to "validate[] forgeries, perpetrated either directly or through misrepresentation of authority, putting to rest the suspicion that a conveyance which has been of record for five years is a forgery or was executed without authority." JAMES J. VANCE, TITLE TO REAL ESTATE, § 8.04 at 8–5 (1998 rev. ed. & Supp. 1998). We do not see how this point supports Smiljanic's position. The reason the five-year rule in § 706.09(1)(i) may "validate" a conveyance of record even if it contains a forgery is that there is an instrument of record that on its face meets the requirements of a conveyance. In contrast, in this case the instrument that on its face meets the requirements of a conveyance is the 1948 deed, which does not describe the lake easement; Kamerling's affidavit, which does describe the lake easement, is not a conveyance and is not a statutorily authorized procedure for correcting the description in the deed.

¶ 22. Finally, Smiljanic asserts that, if the only means to correct the 1948 deed is an action under WIS.

Stat. § 847.07, then the court should have construed his complaint as a request for relief under that statute or ordered an amendment of the complaint. Smiljanic provides no authority for the court's sua sponte obligation to do either. Smiljanic points to his brief in support of his motion for reconsideration in which he asked the circuit court "if [it] feels there is any deficiency in [his] record title . . . [to] enter an order correcting the deed to reflect the grantors' intent as established by the Kamerling affidavit." Given that Smiljanic had argued that it was not necessary to utilize § 847.07 and that the quoted sentence is one sentence in the brief on the motion for reconsideration that raised various challenges to the court's summary judgment, we conclude this sentence did not apprise the circuit court that Smiljanic was asking to amend the complaint to state a claim for relief under § 847.07.[10] We also observe that the court's denial of the motion for reconsideration gives no indication that it understood that Smiljanic was requesting this. We are therefore not persuaded that the court either erred as a matter of law or erroneously exercised its discretion in not proceeding to make a determination under § 847.07.

¶ 23. We conclude there was and is no statutory authority for accomplishing a correction of the description of the property conveyed by the deed by simply

---

[10] Courts have the authority, within the exercise of their discretion, to grant a party's motion to amend a complaint after the entry of summary judgment against that party, although the presumption at that point in the proceeding is not in favor of granting an amendment; rather, the moving party must present a reason for granting the motion that is sufficient, when considered by the circuit court in the sound exercise of its discretion, to overcome the value of the finality of the judgment. *Mach v. Allisson*, 2003 WI App 11, ¶ 27, 259 Wis. 2d 686, 656 N.W.2d 766.

recording the broker's affidavit and that WIS. STAT. § 847.07 and its predecessor establish the proper procedure for seeking such a correction. We also conclude that WIS. STAT. § 706.09(1)(i) does not make the affidavit a valid means of conveyance of the easement or of correction of the deed. Finally, we reject Smiljanic's argument that the court was obligated to grant him relief under § 847.07. Accordingly, we affirm the summary judgment against Smiljanic and the order denying his motion for reconsideration.

*By the Court.*—Judgment and order affirmed.