**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 17, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2178**

STATE OF WISCONSIN

Cir. Ct. No. **2022CV346**

IN COURT OF APPEALS
DISTRICT IV

---

CATHERINE SOSNOWSKI,

    PLAINTIFF-APPELLANT,

WEA INSURANCE CORPORATION AND
ASPIRUS HEALTH PLAN, INC.,

    INVOLUNTARY-PLAINTIFFS,

  V.

AUTO-OWNERS INSURANCE COMPANY,
SPRING BROOK RESORT HOLDINGS, LLC,
SPRING BROOK RESORT, LLC,
EDWARD J. DOWLING, JR. REVOCABLE LIVING TRUST AND
WAUSAU GENERAL INSURANCE COMPANY,

    DEFENDANTS-RESPONDENTS.

---

        APPEAL from an order of the circuit court for Portage County: LAMONT K. JACOBSON, Judge. *Reversed and cause remanded.*

        Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   While staying at a vacation rental property owned by the Edward J. Dowling, Jr. Revocable Living Trust (the Trust), Catherine Sosnowski fell down the stairs to the basement when she walked through a door that, when she opened it, swung over the basement stairs.[1]  The prior owners of the property had removed the original basement door, which swung into the hallway away from the basement stairs, in order to move some furniture into the basement, and then installed a replacement door that swung out from the hallway over the basement stairs (generally, the replacement door).  Sosnowski sued the current property owner and its insurer, and the rental management business entities and their insurer, alleging negligence and safe place claims and seeking damages for the injuries that she sustained when she fell.  The circuit court granted summary judgment in favor of all of the defendants and dismissed Sosnowski's claims as barred by the statute of repose set forth in WIS. STAT. § 893.89 (2023-24), which applies to claims for injury resulting from an "improvement to real property."[2]  The court also denied Sosnowski's motion to strike a response by one of the defendants to a request for admission regarding insurance coverage.  Sosnowski challenges both decisions on appeal.

¶2     We conclude that the defendants are not entitled to summary judgment dismissing Sosnowski's claims as barred by the statute of repose

_____

[1] Catherine Sosnowski, now known as Catherine Hansen, will be referred to as Sosnowski, her name at the time of the filing of the complaint and as it appears in the caption.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

because the undisputed facts establish that, as a matter of law, the replacement door is not an improvement within the meaning of the statute.  We also conclude that the circuit court erroneously exercised its discretion when it denied the motion to strike the response to the request for admission because the response did not comply with statutory requirements.  Accordingly, we reverse and remand.

## BACKGROUND

¶3      The following material facts are undisputed for the purposes of summary judgment.

¶4      This appeal involves injuries sustained at a vacation rental property in Wisconsin Dells, Wisconsin (the property).  The property was built between 2005 and 2006 by Spring Brook Construction, LLC.[3]  After the construction was completed, in June 2006, Tina and Brad Reich, who owned the property from 2006 to 2019, hired Spring Brook Construction, LLC, to remove the door to the basement and enlarge the opening, to allow the Reichs to move furniture into the basement.  Before the door was removed, it swung when opened into the hallway and away from the basement stairs.  After the Reichs finished moving the furniture

---

[3] We clarify the identification of, and our references to, the three entities with the words "Spring Brook" in their names that are relevant to this appeal.

Spring Brook Construction, LLC, is not a party to this action but built the property at issue and inspected the property after the accident giving rise to this action.

Spring Brook Resort, LLC, is a defendant to this action and "operates the overnight rental management company" through which Sosnowski reserved the property.

Spring Brook Resort Holdings, LLC, is also a defendant to this action and owns the land on which the office of Spring Brook Resort, LLC, is located.

We will refer to each of these three entities individually by the entity's full name.

into the basement, sometime in June 2006, Brad Reich hired or requested an unknown person to install a new, taller door in place of the door that had been removed. The newly installed replacement door swung when opened out from the hallway and over the basement stairs. In 2019, the Reichs sold the property to the Trust. The replacement door was not removed or changed from the time the Reichs had it installed until the date of Sosnowski's accident.

¶5 In April 2021, Sosnowski rented the property through Spring Brook Resort, LLC. At that time, the property was owned by the Trust, and the Trust had entered into a Rental Management Agreement with Spring Brook Resort, LLC, allowing Spring Brook Resort, LLC, to rent out the property.

¶6 Sosnowski and members of her family arrived at the property on Friday, April 23, 2021. Sosnowski and her husband shared a bedroom that was on the ground level of the property. On Saturday morning, Sosnowski attempted to enter that bedroom by opening the door that she believed led to the bedroom. The door that Sosnowski opened was the door that led to the basement and, when she opened the door, it swung forward and away from her, and she stepped forward and fell down several stairs. As a result of her fall, Sosnowski sustained a broken femur.

¶7 After Sosnowski's fall, Spring Brook Construction, LLC, at the request of Spring Brook Resort, LLC, inspected the property and confirmed that the door violated the Wisconsin building code because it swung out from the hallway and over the basement stairs without a three-foot landing at the top of the stairs. *See* WIS. ADMIN. CODE § SPS 321.04(4)(b)-(c) (requiring a three-foot landing at the top of interior stairs when a door swings over the stairs).

¶8      Sosnowski filed a complaint against the Trust and its insurer, Wausau General Insurance Company (collectively, the Dowlings), as well as Spring Brook Resort, LLC, and Spring Brook Resort Holdings, LLC, and their insurer, Auto-Owners Insurance Company (collectively, Spring Brook).[4]

¶9      Sosnowski alleged that the Dowlings were causally negligent for: causing the property to be marketed and rented to the public when the door created an unsafe condition and violated the Wisconsin building code; failing to properly inspect the property for building code violations; failing to warn renters of the unsafe condition; failing to correct the door swing before renting the property to Sosnowski; and otherwise failing to exercise reasonable care "in the maintenance, operation, inspection and repair" of the property.[5]

¶10     Sosnowski alleged that Spring Brook was "causally negligent in failing to properly manage, inspect, maintain, market and/or operate" the property by: renting the property to Sosnowski with an unreasonably dangerous condition, based on the lack of a landing and proper lighting; failing to warn renters of the unsafe condition; and failing to request that Spring Brook Construction, LLC, inspect the property for unsafe conditions and building and safety code violations. Sosnowski also alleged that Spring Brook violated Wisconsin's safe place statute, WIS. STAT. § 101.11.

---

[4] In her original complaint, Sosnowski named only Spring Brook Resort Holdings, LLC, and Auto-Owners Insurance Company as defendants. Sosnowski identified additional defendants through discovery and filed a total of four amended complaints. The operative complaint for purposes of this appeal is the fourth amended complaint.

[5] Sosnowski originally also alleged that the Dowlings violated the safe place statute, WIS. STAT. § 101.11, but later voluntarily dismissed that claim.

¶11    The Dowlings and Spring Brook each filed a motion for summary judgment, arguing, as pertinent here, that Sosnowski's negligence and safe place claims are barred by the seven-year statute of repose set forth in WIS. STAT. § 893.89, because the replacement door was installed at least 14 years before Sosnowski sustained her injuries.

¶12    Sosnowski opposed the motions for summary judgment, arguing that her claims are not barred by the statute of repose for the following reasons.  First, the replacement door is not an "improvement to real property" within the scope of the statute of repose.   Second, and in the alternative, Sosnowski's claims fall within the exception to the statute of repose for damages resulting from "negligence in the maintenance, operation or inspection of an improvement to real property."  *See* WIS. STAT. § 893.89(4)(c).   Third, and in the alternative with respect to Spring Brook only, Spring Brook is not within the class of persons protected by the statute of repose because Spring Brook is not an "occupier" of the property.  *See* § 893.89(2).  Sosnowski also filed a motion to strike Spring Brook's response to Sosnowski's request for admission regarding Auto-Owners Insurance Company's coverage for the allegations in the complaint, which admitted that: "Auto-Owners Insurance may provide liability insurance to Spring Brook, LLC [sic] as set forth in any insurance policy issued by Auto-Owners Insurance Company, subject to the terms, exclusions, provisions, and other wording of the insurance policy."[6]

---

[6] Sosnowski also filed a motion for sanctions against Spring Brook for asserting a frivolous affirmative defense, which the circuit court denied.  Sosnowski does not on appeal challenge the court's denial of the motion, and we discuss it no further.

¶13     After a hearing, the circuit court issued an order granting the Dowlings' and Spring Brook's motions for summary judgment and dismissing Sosnowski's claims against those defendants with prejudice.  The court concluded that all of Sosnowski's claims against the Dowlings and Spring Brook are barred by the statute of repose.  The court also denied Sosnowski's motion to strike.

¶14     Sosnowski appeals.

## DISCUSSION

¶15     Sosnowski argues that the Dowlings and Spring Brook are not entitled to summary judgment dismissing her negligence and safe place claims as barred by the statute of repose.  She also argues that the circuit court erred in denying her motion to strike Spring Brook's response to her request for admission. We address each issue in turn.[7]

### I.  Summary Judgment Based on Statute of Repose

¶16     The primary issue on appeal is whether the Dowlings and Spring Brook are entitled to summary judgment dismissing Sosnowski's negligence and safe place claims because the claims are barred by the statute of repose set forth in WIS. STAT. § 893.89.

---

[7] In its appellate briefing, Spring Brook sometimes cites to the appendices that were submitted with its and Sosnowski's briefs without including parallel citations to the appellate record that was compiled by the clerk of the circuit court.  At other times, Spring Brook cites only to "Management Agreement," or fails to cite to anything in the record.  We remind counsel that the appendix is not the record, *see United Rentals, Inc. v. City of Madison*, 2007 WI App 131, ¶1 n.2, 302 Wis. 2d 245, 733 N.W.2d 322, and that the rules of appellate procedure require parties to include appropriate citations to the record, *see* WIS. STAT. RULE 809.19(1)(d)-(e).

¶17   This court reviews a grant of summary judgment de novo. ***Bank of New York Mellon v. Klomsten***, 2018 WI App 25, ¶31, 381 Wis. 2d 218, 911 N.W.2d 364.   Pursuant to WIS. STAT. § 802.08(2), summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

¶18   "[WISCONSIN STAT. §] 893.89 is a statute of repose that sets forth the time period during which an action for injury resulting from improvements to real property must be brought." ***Kohn v. Darlington Cmty. Schs.***, 2005 WI 99, ¶13, 283 Wis. 2d 1, 698 N.W.2d 794.   Pertinent here, the statute of repose provides:

> [N]o cause of action may accrue and no action may be commenced … against the owner or occupier of the property or against any person involved in the improvement to real property after the end of the exposure period, to recover damages for any … injury to the person … arising out of any deficiency or defect in the design, land surveying, planning, supervision or observation of construction of, the construction of, or the furnishing of materials for, the improvement to real property.

§ 893.89(2).   The exposure period is defined as the seven years "immediately following the date of substantial completion of the improvement to real property." § 893.89(1).   If the injury to the person arises out of something other than an improvement to real property, the statute of repose does not apply.   *Cf.* ***Kohn***, 283 Wis. 2d 1, ¶14 (explaining that the statute of repose applied to bar the plaintiffs' claims only if the item causing injury was an improvement to real property).

¶19   "Whether an item is an 'improvement to real property' under [WIS. STAT.] § 893.89 is a question of law that we review de novo." ***Kohn***, 283 Wis. 2d 1, ¶12.   As we explain, we conclude that Sosnowski's claims are not barred by the

statute of repose because the undisputed facts establish that, as a matter of law, the item causing injury here, the replacement door, is not an improvement to real property within the meaning of the statute.

¶20 An "improvement to real property" is defined in the relevant case law as "'a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.'" *Id.*, ¶17 (quoted source omitted).

¶21 The record establishes as undisputed that the replacement door was installed to fill the opening that was left after the original door was removed, and to restore the means of access from the hallway to the basement that the original door provided before it was removed. In other words, the prior owners fixed the removal of the original door by installing a replacement door, without changing the use of that door as providing access from the hallway to the basement stairs. Based on this undisputed fact, the replacement door is more akin to an "ordinary repair" that perpetuated the utility of the hallway's access to the basement, as opposed to "an improvement" that enhanced the utility of the hallway's access to the basement. *See id.* (stating that an improvement "'is designed to make the property more useful or valuable as distinguished from ordinary repairs'" (quoted source omitted)).

¶22 Spring Brook and the Dowlings argue that the replacement door is an improvement that made the property more useful by allowing "larger items [of furniture] to be more easily moved into the basement." However, the evidence shows that the furniture was moved through the opening left after the original door was removed, before the prior owners installed the replacement door; accordingly,

the replacement door itself was not designed to make the property more useful by facilitating the movement of furniture. To the contrary, the evidence establishes as undisputed that the replacement door was installed to repair the opening that had been created by the prior owners after they moved the furniture into the basement, in order to restore the hallway to its original state and the opening to its original use once the furniture had been moved in, that is, with a door at the top of the stairs to the basement.

¶23 The Dowlings point to the prior owner's testimony that she "thought" it might be useful that the replacement door, by opening over the basement stairs, did not block the hallway when opened. However, this testimony is insufficient as a matter of law to show that the replacement door was "'designed to make the property more useful or valuable as distinguished from ordinary repairs.'" *See id.* (quoted source omitted).

¶24 The Dowlings also argue that reinstallation of a door "is not a normal repair of any property" because "[t]o do so requires a person with some construction experience, which is not a typical homeowner." However, the Dowlings cite no legal authority for the proposition that repairs performed by a professional are improvements solely by virtue of being performed by a professional. Indeed, it would be absurd to say that the repair of a burst pipe is an improvement rather than a repair because it is done by a plumber.

¶25 In sum on this issue, the undisputed evidence establishes that, as a matter of law, the replacement door is not an improvement to real property because it was not designed to make the property more useful or valuable as distinguished from ordinary repairs. *See id.* (defining improvement to real property). Accordingly, neither the Dowlings nor Spring Brook are entitled to

summary judgment dismissing Sosnowski's claims based on the statute of repose set forth in WIS. STAT. § 893.89.[8]

## II. Motion to Strike

¶26     Sosnowski also argues that the circuit court erred when it denied her motion under WIS. STAT. § 804.11(1)(c) to strike Spring Brook's response to a request for admission.  Specifically, Sosnowski asserted that the response was insufficient and asked that the court order that the matter be deemed admitted or order Spring Brook to amend the response.

¶27     Neither Sosnowski nor Spring Brook direct us to legal authority setting forth the standard of review.  Based on the statutory language, we conclude that we review the court's denial of a motion under WIS. STAT. § 804.11(1)(c) for an erroneous exercise of discretion.  *See* § 804.11(1)(c) (explaining that the court "determines [whether] an answer [does or] does not comply with this section" and that "it may order either that the matter is admitted or that an amended answer be served," among other things); *Smiljanic v. Niedermeyer*, 2007 WI App 182, ¶12, 304 Wis. 2d 197, 737 N.W.2d 436 (use of the word "may" in a statute connotes an

---

[8] Our conclusion that the replacement door is not an improvement to real property because it is an ordinary repair is dispositive of the issue of the application of the statute of repose.  Accordingly, we do not address Sosnowski's additional arguments that: the replacement door is not an improvement because it is not a "permanent addition to or betterment of real property that enhances its capital value," *see Kohn v. Darlington Cmty. Schs.*, 2005 WI 99, ¶17, 283 Wis. 2d 1, 698 N.W.2d 794; her claims arise out of negligence in the inspection of the replacement door and, therefore, come within an exception to the statute of repose, *see* WIS. STAT. § 893.89(4)(c) (the statute of repose does not apply to "[a]n owner or occupier of real property for damages resulting from negligence in the maintenance, operation or inspection of an improvement to real property"); and Spring Brook is not protected by the statute of repose because it is not an occupier of the property, *see* § 893.89(2) (the statute applies to claims "against the owner or occupier of the property").

exercise of discretion). A court properly exercises its discretion "if it examined the relevant facts, applied a proper standard of law, and reached a reasonable conclusion." *Teubel v. Prime Dev., Inc.*, 2002 WI App 26, ¶15, 249 Wis. 2d 743, 641 N.W.2d 461.

¶28 WISCONSIN STAT. § 804.11 provides that "a party may serve upon any other party a written request for the admission … of the truth of any matters within the scope of [WIS. STAT. §] 804.01(2) set forth in the request that relate to statements or opinions of fact or of the application of law to fact." § 804.11(1)(a); *see also* § 804.01(2) (setting scope of discovery as "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," with certain exceptions not relevant here). A matter is deemed admitted unless the party to whom the request is directed answers or objects to the request. § 804.11(1)(b). Answers to requests for admission

> shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that he or she had made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may … deny the matter or set forth reasons why the party cannot admit or deny it.

§ 804.11(1)(b).

¶29 "The party who has requested the admissions may move to determine the sufficiency of the answers or objections…. If the court determines that an answer does not comply with this section, it may order either that the matter is admitted or that an amended answer be served." WIS. STAT. § 804.11(1)(c).

*Additional Background*

¶30 Sosnowski served Spring Brook with the following request for admission pursuant to WIS. STAT. § 804.11: "Admit that Auto-Owners Insurance Company provides liability insurance to Spring Brook Resort, LLC for the allegations against Spring Brook Resort, LLC set forth in Plaintiff's Fourth Amended Complaint." Spring Brook responded:

> Admit that Auto-Owners Insurance may provide liability insurance to Spring Brook, LLC [sic] as set forth in any insurance policy issued by Auto-Owners Insurance Company, subject to the terms, exclusions, provisions, and other wording of the insurance policy. Object to the remainder of this request as calling for a legal opinion and as being vague and overly broad. Defendant denies any legal advice or legal opinions as are called for in the request. These Defendants admit any judicial interpretation finding consistent with the terms and wording of any insurance policy issued by Auto-Owners.

¶31 Sosnowski filed a motion to strike Spring Brook's response, arguing that the response violated WIS. STAT. § 804.11(1)(b) because it "[was] an evasive word salad and not a specific denial or admission as required" and "[did] not remotely meet the requirement of § 804.11(1)(b) that the response fairly meet the substance of the requested admission."

¶32 After hearing argument on the motion to strike, the circuit court stated that it was "satisfied the answer is adequate," and denied the motion.

*Analysis*

¶33 The record shows that the circuit court erroneously exercised its discretion when it determined that Spring Brook's response complied with WIS. STAT. § 804.11(1)(b). Spring Brook's response did not actually admit anything, except that there "may" be "liability insurance" under "any insurance policy" it issued. Spring Brook's response also did not specifically deny anything, except for "any" legal opinions sought in the request. Taken as a whole, the response failed to "set forth in detail" why Spring Brook could not "truthfully admit or deny" any aspect of "the matter," and did not "fairly meet the substance of the requested admission." *See* § 804.11(1)(b). For example, Spring Brook did not admit that Auto Owners Insurance Company had issued a policy to Spring Brook Resort, LLC, which was in effect at the time of Sosnowski's accident, nor did Spring Brook identify that policy. Instead, the response referred to "any insurance policy" that "may provide liability insurance … subject" to all the "wording" in the policy.

¶34 Spring Brook counters that it "responded by asserting the actual terms and provisions of the policy in question," and by asserting that "there is insurance coverage, but subject to the terms and conditions of the policy." Without providing an opinion as to whether such assertions would comply with the statute, we simply observe that Spring Brook's characterization of its response is belied by the text of the response quoted above. The response as quoted did not "specify so much of [the matter] as is true and qualify or deny the remainder." *See* WIS. STAT. § 804.11(1)(b). Accordingly, we remand to the circuit court to take action consistent with § 804.11(1)(c).

**CONCLUSION**

¶35 For the reasons stated, we conclude that the Dowlings and Spring Brook are not entitled to summary judgment dismissing Sosnowski's claims as barred by the statute of repose because the undisputed facts establish that, as a matter of law, the replacement door is not an improvement within the meaning of the statute. We also conclude that the circuit court erred when it denied Sosnowski's motion to strike Spring Brook's response to a request for admission because the response did not comply with statutory requirements. Accordingly, we reverse and remand.

*By the Court.*—Order reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.